## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL R. THOMPSON** | : | **CIVIL ACTION** |
| Petitioner, | : | |
| | : | |
| v. | : | NO.  06-0063 |
| | : | |
| **JEFFERY A.  BEARD, Ph.D., SECRETARY** | : | |
| **PENNSYLVANIA DEPARTMENT OF** | : | |
| **CORRECTIONS, and PENNSYLVANIA** | : | |
| **STATE ATTORNEY GENERAL** | : | |
| Respondents. | : | |

## ORDER AND MEMORANDUM

## O R D E R

**AND NOW**, this 18th day of August, 2006, upon careful and independent consideration of the Petition for Writ of Habeas Corpus filed by petitioner, Michael R. Thompson, the related submissions of the parties and the record in this case, and the Report and Recommendation of United States Magistrate Judge Timothy R. Rice dated May 17, 2006, and the submissions of the parties filed thereafter - petitioner's Traverse as Objection/Response to the Report and Recommendation of U.S. Magistrate Judge Timothy R. Rice (Document No. 11, filed June 1, 2006), Response to Petition's [sic] Objections to Magistrate's Report and Recommendation (Document No. 13, filed July 10, 2006), petitioner's Statement of Objections to this Court's Order of June 23, 2006 (Document No. 14, filed July 13, 2006),[1] and Petitioner's Rebuttal to Respondent's Answer to the Traverse as Statement of Objections to the Report & Recommendation of the Magistrate Judge to the Petition for Writ of Habeas Corpus (Document No. 15, filed July 31, 2006), **IT IS ORDERED** as follows:

1.  The Report and Recommendation of United States Magistrate Judge Timothy R. Rice dated May 17, 2006, is **APPROVED** and **ADOPTED**;

---

[1]In its Order of June 23, 2006, the Court directed respondents to file and serve a response to petitioner's Traverse as Objection/Response to the Report and Recommendation of U.S. Magistrate Judge Timothy R. Rice (Document No. 11).

2.  The Petition for Writ of Habeas Corpus filed by Michael R. Thompson is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies;

3.  Petitioner's Objection to the Report and Recommendation of U.S. Magistrate Judge Timothy R. Rice included in Document No. 11 is **OVERRULED**;

4.  Petitioner's Statement of Objections to this Court's Order of June 23, 2006, directing the respondents to file and serve a response to petitioner's Objections is **OVERRULED**;

5.  Petitioner's Objections included in Document No. 15 are **OVERRULED**; and,

6.  A certificate of appealability will not issue on the ground that petitioner has not made a substantial showing of a denial of a constitutional right as required under 28 U.S.C. §2253(c)(2).

**M E M O R A N D U M**

## I.   INTRODUCTION

On February 8, 2002, following a jury trial in the Court of Common Pleas of Philadelphia County, petitioner was convicted of endangering the welfare of a minor, corruption of a minor, and indecent assault.  On June 4, 2002, petitioner was sentenced to a term of two-to-five years imprisonment for endangering the welfare of a minor, a consecutive term of five years probation for indecent assault and corruption of minor, and he was required to register in accordance with Megan's Law.   Petitioner appealed his sentence and it was affirmed by the Superior Court of Pennsylvania on October 17, 2003.  A petition for allowance of appeal to the Supreme Court of Pennsylvania was not filed.

On February 26, 2004, petitioner filed a petition under the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S. 9541, *et seq*.  The PCRA court denied relief on May 25, 2005.  Thompson timely appealed to the Superior Court, which has yet to rule on the appeal.

The federal habeas corpus action was filed on January 6, 2006.  In the  petition

Thompson claims: (1) ineffective assistance of trial counsel; (2) denial of due process based on the trial court's answer to a jury question; (3) violations of the due process, equal protection, and double jeopardy clauses because the trial court sentenced petitioner in the aggravated range, and admitted prior bad acts testimony; and, (4) violation of the right against self-incrimination because the prosecutor commented on petitioner's choice not to testify in his own defense.

The Report and Recommendation recommends that the habeas petition be dismissed without prejudice for failure to exhaust state remedies.  This recommendation was based on the fact that petitioner filed a timely appeal from the denial of relief by the PCRA court, and that appeal is still pending in the Superior Court.  Petitioner argues that the pending Superior Court appeal "does not include any of the issues raised" in his federal petition, but the Magistrate Judge pointed out that petitioner has not yet identified the issues he will contest in the Superior Court.  Moreover, it appears from the myriad of documents filed by petitioner in response to the Report and Recommendation that there is at least one issue included in the appeal to the Superior Court which is asserted as a basis for federal habeas relief.[2]

## II.   <u>DISCUSSION</u>

The Magistrate Judge concluded that, absent exceptional circumstances, a habeas petition is not cognizable in federal court unless the petitioner has exhausted all means of available relief under state law.  28 U.S.C. § 2254(b); *O'Sullivan v. Boerkel*, 526 U.S. 838, 839 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Slutzker v. Johnson*, 393 F.3d 373, 379 (3d Cir. 2004).  A petitioner "shall not be deemed to have exhausted the remedies available . . . if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).  The policy of the total

---

[2]*See,* Traverse as Objection/Response to the Report and Recommendation of U.S. Magistrate Judge Timothy R. Rice (Document No. 11) at page 5.

exhaustion doctrine is rooted in the tradition of comity: the state must be given the "initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights." *O'Sullivan*, 526 U.S. at 844-45; *Picard*, 404 U.S. at 275; *Slutzker*, 393 F.3d at 379.   Moreover, exhaustion does not require that the highest state court rule on the merits of a petitioner's claims; it merely requires that the state courts be given an opportunity to review them.   *Bond v. Fulcomer*, 864 F.2d 306, 309 (3d Cir. 1989).

Before petitioner can seek habeas relief in federal court, he must fairly present every claim included in the federal habeas petition to the state courts.  Failure to do so can result in procedural default.  *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).

## III.   <u>CONCLUSION</u>

Thompson's PCRA appeal is still pending in the Superior Court.  Thus, there is no reason the issues raised in his federal habeas petition should not first be addressed by the Pennsylvania courts. Specifically, there is no evidence in the record that further state court review is precluded.

The Magistrate Judge recommended dismissing the habeas petition without prejudice because the claims presented are unexhausted, and a state proceeding is pending.  For that reason, federal habeas corpus review is premature.  Whether or not the claims asserted in the pending federal habeas petition are included in the Superior Court appeal does not undermine this conclusion because, on the present state of the record, further PCRA review is not barred.

**BY THE COURT:**


**/s/ Jan E. DuBois, J.**
**JAN E. DUBOIS, J.**

4